Opinion issued May 10, 2007











In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00460-CV




MARK ANTHONY HEGWOOD, INDIVIDUALLY, AS SURVIVING
PARENT OF XAVIER ALEXANDER HEGWOOD, AND AS NEXT
FRIEND OF KAMYRA FAITH HEGWOOD, Appellant

V.

AMERICAN HABILITATION SERVICES, INC.
D/B/A THOMAS CARE CENTER, Appellee




On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2005-35383


 

MEMORANDUM OPINION
          Appellant, Mark Anthony Hegwood, appeals from an interlocutory order
dismissing his wrongful death and survival claims against appellee, American
Habilitation Services, Inc. d/b/a Thomas Care Center, for failing to file a preliminary
expert report as required by former Civil Practice and Remedies Code section
74.351(a). Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, sec. 74.351, 2003
Tex. Gen. Law 847, 875, amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635,
2005 Tex. Gen. Law 1590. Hegwood sued the Center over his son Xavier’s death
while Xavier was a patient in the Center’s care facility. Hegwood sued in his capacity
as Xavier’s father, as surviving parent of Xavier, and as next friend of Xavier’s sister,
Kamyra. We dismiss for want of jurisdiction.
          Hegwood filed suit in the 333nd District Court of Harris County. Xavier’s
mother, Rachael Ford, had previously filed suit against the Center in the 129th
District Court. The Center and Hegwood agreed to consolidate Hegwood’s suit with
Ford’s suit. After consolidation in the 129th District Court, the Center asserted that
Hegwood’s suit was a health care liability claim and filed a motion to dismiss based
on Hegwood not filing the expert report required by former Civil Practice and
Remedies Code section 74.351(a). See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(b) (Vernon Supp. 2006) (requiring trial court to dismiss with prejudice case
in which expert report required by subsection (a) is not timely served). The trial court
granted the motion to dismiss based on section 74.351(b), but Hegwood’s claims
were not severed.
          The record does not reflect that a final judgment has been signed in the
underlying case, nor do the parties claim such a judgment has been filed. Civil
Practice and Remedies Code section 51.014(a)(9) allows an interlocutory appeal if
the trial court “denies all or part of the relief sought by a motion under Section
74.351(b).” Tex. Civ. Prac & Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2006)
(emphasis added). The trial court did not deny the motion to dismiss and there is no
final judgment because Ford’s claims remained pending. According, we have no
jurisdiction to hear this interlocutory appeal.
          We dismiss the appeal for want of jurisdiction. The Clerk of this Court is
directed to issue the mandate immediately. See Tex. R. App. P. 18.6. 
 
 
                                                             Sam Nuchia 
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Bland.